UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BENJAMIN LEVINE, | Civil Action No. 19-18776 (MAS) (ZNQ) |
| Plaintiff, | **MEMORANDUM AND ORDER** |
| v. | |
| STATE OF NEW JERSEY, et al., | |
| Defendants. | |

**SHIPP, District Judge**

Pro se Plaintiff Benjamin Levine has filed a "Notice of Removal" seeking to remove his state court "criminal appeal" to federal court. (Notice of Removal, ECF No. 1.) He also filed an application to proceed *in forma pauperis* ("IFP"). (IFP Application, ECF No. 1-3.) As an initial matter, leave to proceed in this Court without prepayment of fees is authorized. *See* 28 U.S.C. § 1915.

Upon review of Plaintiff's filings, it is unclear to the Court whether he intended to remove his "criminal appeal" from state court, as he indicates, or whether he intended to raise civil rights claims under 42 U.S.C. § 1983. (*See generally* Notice of Removal; Compl., ECF No. 1-1.)[1] Plaintiff's Complaint states that he is seeking redress under § 1983 to "recover damages" from "any person who failed to prevent any wrongs" stemming from his criminal conviction in the 1990s. (Compl. at 5–6[2].) He names several Defendants, including two assistant prosecutors for the State of New Jersey, multiple investigators, and a senior attorney for the State Board of Medical

---

[1] The Court notes that Plaintiff has not provided any filings from state court to show that he has an actively pending case.
[2] Page numbers refer to those located on the ECF header.

Examiners. (*Id.* at 2–3.) In addition to requesting monetary damages from each Defendant, Plaintiff also seeks a reversal of his "unjust conviction." (*Id.* at 15, 18, 21, 24, 28.)

To the extent Plaintiff is attempting to remove his criminal appeal proceedings from state court, he has not met the requirements of 28 U.S.C. § 1455, the statute governing the procedure for removal of criminal prosecutions. Section 1455 provides that an individual may file a notice to remove their criminal prosecution "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier," unless the individual can demonstrate good cause for his failure to file within that time. 28 U.S.C. § 1455(b)(1); *see also New Jersey v. Shokirjoniy*, No. 18-8619, 2020 WL 2832580, at *2 (D.N.J. May 29, 2020).

Here, Plaintiff states that he was convicted of nine counts of fourth-degree criminal sexual contact on May 25, 1996. (Notice of Removal 1.) He provides no explanation as to why he did not seek to remove his state court proceedings within the appropriate 30-day time frame in the 1990s. (*See generally id.*) Thus, Plaintiff does not meet the requirements set forth in § 1455(b). Moreover, § 1455 "does not apply to an appeal or petition for postconviction relief." *Arizona v. Folio*, No. 19-08056-001, 2019 WL 1643720, at *1 (D. Ariz. Apr. 16, 2019) (internal quotation marks omitted) (quoting *Johnson v. Washington*, 2007 WL 2377141, at *2 (W.D. Wash. Aug. 15, 2007), *appeal dismissed*, No. 19-16016, 2019 WL 3797588 (9th Cir. July 30, 2019); *see also Alabama v. Johns*, No. 19-118, 2019 WL 1510338, at *2 (M.D. Ala. Feb. 28, 2019) ("[T]o the extent Johns attempts to remove a criminal appeal or other post-conviction matter, these proceedings occur after trial and are, thus, time-barred from removal under 28 U.S.C. § 1455(b)(1)[.]"), *report and recommendation adopted*, 2019 WL 1512721 (M.D. Ala. Apr. 5, 2019), *appeal dismissed*, No. 19-11521, 2019 WL 3297255 (11th Cir. May 23, 2019). Therefore, the Court will dismiss Plaintiff's "Notice of Removal" of his "criminal appeal" as improperly filed.

However, since it is unclear whether Plaintiff may have also been attempting to assert claims under 42 U.S.C. § 1983, the Court will provide Plaintiff the opportunity to clarify his submission. Plaintiff is directed to inform the Court in writing, within 30 days, whether he intended to raise civil rights claims under 42 U.S.C. § 1983.

**IT IS THEREFORE** on this ____18th____ day of ____February____, 2021,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-3) is **GRANTED**;

**ORDERED** that Plaintiff's Notice of Removal of his criminal appeal is **DISMISSED** as improperly filed;

**ORDERED** that Plaintiff shall inform the Court in writing, within 30 days, whether he seeks to raise claims under 42 U.S.C. § 1983;

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this case until such time as the Court receives Plaintiff's submission; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum and Order to Plaintiff via regular U.S. mail.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**